IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-6-2H
No. 5:17-CV-473-H

IRESHIA DONTE SUMMERS,  )
    Petitioner,  )
                                         )
    v.  )        **ORDER**
                                         )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #211]. The government has a filed a motion to dismiss the § 2255 motion, [DE #217], and petitioner has responded. [DE #220 and DE #221]. Petitioner has also filed a motion for extension of time to file, [DE #207]. This matter is ripe for adjudication.

## BACKGROUND

On July 10, 2013, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to possess a stolen firearm and ammunition, in violation of 18 U.S.C. §§ 371 (Count One); possession of firearms in a school zone and aiding and abetting the same offense, in violation of 18 U.S.C. §§ 922(q)(2)(A), 924(a)(2), and 2 (Count Four); and possession of firearms and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Six). At petitioner's sentencing hearing on February

14, 2014, petitioner was found to be subject to an enhanced penalty under the Armed Career Criminal Act ("ACCA"). He was sentenced to a total term of imprisonment of 360 months. Petitioner filed a notice of appeal, and the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. [DE #153].

Petitioner filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on December 15, 2014, [DE #136], and then filed a motion to amend his motion to vacate on June 16, 2016, [DE #166], alleging the predicate conviction of North Carolina common law robbery used to enhance his punishment under ACCA could no longer be considered a crime of violence. The court granted this § 2255 motion, vacating his sentence and finding that petitioner's prior conviction did not qualify as a predicate offense to support a designation as an armed career criminal under ACCA according to Fourth Circuit precedent at the time. [DE #181]. On September 14, 2016, this court resentenced defendant to a total term of imprisonment of 240 months and entered an amended judgment.[1] Defendant appealed, and the Fourth Circuit dismissed the appeal, finding that Summers knowingly and voluntarily waived his right to appeal in his plea agreement and that the sentencing issues he sought to raise fell squarely within the scope of his waiver of appellate rights. [DE #205].

---

[1] Petitioner's amended judgment was subsequently amended on October 19, 2016, as a Second Amended Judgment, [DE #197], to correct a clerical error by removing the armed career criminal statute at page 2 under "Title and Section".

2

Defendant filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on September 11, 2017, [DE #211], alleging various claims for relief outlined below.

**COURT'S DISCUSSION**

The government first argues that petitioner's motion is successive. While second or successive motions must be certified by the court of appeals pursuant to 28 U.S.C. § 2255, here petitioner's motion is not successive because this is the first motion he has brought following entry of the amended judgment in this matter. See In re Gray, 850 F.3d 139, 141 (4th Cir. 2017) (finding "where 'there is a "new judgment intervening between the two habeas petitions," an application challenging the resulting new judgment is not "second or successive" at all,'" in the context of a 28 U.S.C. § 2254 petition) (quoting Magwood v. Patterson, 561 U.S. 320, 341-42 (2010)).

The government next contends petitioner raised each of his claims previously on appeal and the Fourth Circuit Court of Appeals dismissed the entire appeal, finding that each issue raised fell squarely within the scope of petitioner's appeal waiver. Petitioner has indeed already raised almost all of his claims on appeal before the Fourth Circuit as outlined herein.

**A. Claim One**

First, petitioner claims he is entitled to relief because his current sentence of 240 months exceeds the statutory maximum authorized by law under 18 U.S.C. § 922(g) and under Johnson v. United States, 135 S. Ct. 2551 (2015). [DE #211 at 4].

Petitioner already argued on appeal that he was entitled to relief on the basis that his sentence exceeded the statutory maximum authorized by 18 U.S.C. § 922(g), [Case No. 16-4609, DE #31 Pro Se Brief at 2, 4-6].

**B. Claim Two**

Petitioner next claims in his § 2255 motion that this court erred at his re-sentencing hearing by "not sentencing petitioner completely under Johnson," which petitioner contends violated his Due Process rights. [DE #211 at 5]. Petitioner also argued before the Fourth Circuit that his case was not decided "completely under Johnson," and that this failure violated his due process rights. [Case No. 16-4609, DE #31 Pro Se Brief at 2, 4-6, 11].

**C. Claim Three**

Petitioner next contends this court erred "by separating counts one and four from the court's original order of concurrent sentences at petitioner's original sentencing hearing on February 14, 2014, violating the group Rule of U.S.S.G. § 3D1.2." He argues this amounted to an upward departure from the sentencing guidelines without a prior notice or statement of reason for the departure.

[DE #211 at 6-7]. Petitioner also argued this same contention on appeal. [Case No. 16-4609 DE #31 at 9].

### D. Claim Four

Petitioner's motion to vacate also contends this court erred in the calculation of his base offense level as "33 instead of 27 in that the assault with intent to commit murder would not have constituted first degree murder as defined by 18 U.S.C. § 1111 or North Carolina law." [DE #211 at 8]. Petitioner also made this argument on appeal before the Fourth Circuit. [Case No. 16-4609 DE #21 at 5].

### E. Claim Five

Petitioner also contends "[i]n his plea agreement the government agreed to a 3-level reduction, and for the district court not to apply the reduction at resentencing, petitioner contends that his plea agreement under Rule 11 of the Federal Rules of Criminal Procedure is not knowingly and voluntarily entered." [DE #211 at 8]. Petitioner also argued this on appeal. [Case No. 16-4609 DE #31 at 13-14].

### F. Claims One Through Five Previously Addressed on Appeal

In its unpublished opinion affirming the district court, the Fourth Circuit found that petitioner's "sentencing issues [he] seeks to raise on appeal fall squarely within the scope of his appellate rights. Moreover, in accordance with Anders, we have reviewed the record for any potentially meritorious issues that

5

fall outside the scope of the waiver and have found none." [DE #205 at 2 (internal citation omitted)]. Additionally, the Fourth Circuit opinion included a footnote stating "[w]e have reviewed the issues [petitioner] raised in his pro se brief and conclude that he is not entitled to relief." [DE #205 at 3].

Therefore, each of the claims numbered one through five were both raised on appeal and the Fourth Circuit found them to be barred by the appeal waiver. Therefore, finding these issues fully adjudicated by the Court of Apeals, the government's motion to dismiss is GRANTED as to these issues.

**G. Claims Six and Seven**

There are two claims petitioner did not raise before the Fourth Circuit: (1) that his counsel was ineffective for failing to raise these issues or to preserve them for appeal by objecting at sentencing [DE #211 at 4]; and (2) that he is eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the United States Sentencing Guidelines. [DE #220 at 8].

### i. Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this

determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance." Id. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Here, petitioner raises his ineffective assistance of counsel argument within claim one discussed above. But even looking at all the sentencing issues he attempts to raise herein, the Fourth Circuit found there were no issues to appeal as they were within the scope of his appeal waiver, [DE #205]. Therefore, failure to object to these issues or to raise them on appeal does not

7

constitute performance that fell below reasonably effective assistance. Therefore, petitioner has failed to state a claim for ineffective assistance of counsel.

### ii. Reduction of Sentence

As to his request for a reduction of sentence, this claim is also without merit as petitioner has not sufficiently supported the request with any applicable retroactive Guidelines amendment. As to his request under Freeman, petitioner attempts to argue that as he requested a three-level reduction in his plea agreement and the government agreed to it, he should have been granted a three-level reduction. Petitioner was granted a three-level reduction for acceptance of responsibility at both his original sentencing hearing and at his re-sentencing hearing. [DE #128 at 12 and DE #198 at 3-4].

Finding petitioner has failed to state a claim upon which relief may be granted, the government's motion to dismiss is therefore, GRANTED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #217], is hereby GRANTED, and petitioner's motion to vacate, [DE #211], is hereby DISMISSED. Petitioner's motion for extension of time to file, [DE #207], is DENIED AS MOOT. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 27th day of March 2020.

                                           Malcolm J. Howard
                                           Senior United States District Judge

At Greenville, NC
#35